IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN M. J. MADEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:97CV01170 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Beaty, District Judge.

This matter is presently before the Court on Plaintiff's Motion to Disclose Certain Documents [Document #180]. The parties entered into a Stipulated Protective Order [Document #54] on September 23, 2000, and discovery proceeded pursuant to the terms of that Protective Order. Plaintiff now seeks to disclose certain documents pursuant to Paragraph 8 of the Protective Order, which provides that:

> In the event a party believes it necessary to disclose confidential discovery material or any information contained therein to any person other than a person covered by paragraph 6, it shall provide written notice to counsel for the person or entity that produced the confidential discovery material, identifying the material sought to be disclosed, the name and employment of the person to whom it wishes to make such disclosure, and the reasons that such disclosure is necessary. If any person or entity objects to the disclosure, the parties shall attempt in good faith to resolve the objection. If the objections cannot be resolved on an informal basis, the party favoring disclosure must move the Court for permission to make such a disclosure. No disclosure shall occur unless the Court has ruled in favor of such disclosure or the parties have resolved the issue.

In the present motion, Plaintiff seeks to disclose operating notebooks describing Defendant's uses of the Mark III Free Electron Laser from 1997 through 2004. Plaintiff seeks to disclose the operating notebooks to certain government officials and members of Congress based on what Plaintiff contends is their "continuing interest in the status of the Mark III FEL." (Pl.'s Motion [Document #180] at ¶ 6.) However, Plaintiff has not presented any information to show that any government official has requested the information or been denied access by Defendant. In fact, Defendant avers that the information is available on a regular basis to the government officials funding Defendant's research, and no government request for the information has been denied. (Def.'s Response [Document #185] Ex. A, Edwards Aff., at ¶ 7.)

The notebooks themselves were designated as "confidential" pursuant to the Stipulated Protective Order, indicating that they included "confidential, commercial, proprietary or financial information" and that "disclosure might result in embarrassment or economic or competitive injury." (Stip. Prot. Order [Document #54] at ¶ 2.) Plaintiff did not challenge the designation of the notebooks as confidential. In addition, Defendant has submitted an affidavit establishing that the "log books contain information regarding scientific experiments and other confidential and proprietary information" and "it would cause injury to Duke and the [Duke Free Electron Laser] if third parties were able to have access to the log books." (Def.'s Response [Document #185] Ex. A, Edwards Aff., at ¶ 4.)

2

After reviewing the terms of the Protective Order, the log books, and the affidavits of the parties, the Court finds that the information in the log books is confidential and is entitled to continued protection under the Stipulated Protective Order. Plaintiff has not shown any basis for modifying the Protective Order, and has not shown that disclosure of the notebooks to a third party is necessary or warranted. To the extent any government officials may need to obtain the information, Defendant has indicated that the information is available and would be provided. In addition, the purpose for which Plaintiff seeks to disclose the information appears to relate to his efforts to influence a dispute between various government agencies regarding the government's ownership of the Mark III Free Electron Laser, separate and apart from Plaintiff's contention in the present suit that he is the owner of the Laser. (See Pl.'s Motion [Document #180] at ¶¶ 3, 7; Madey Decl. [Document #183].) The Court concludes that disclosure of the notebooks for this purpose is unwarranted, and Plaintiff has failed to establish that disclosure is "necessary" pursuant to Paragraph 8 of the Stipulated Protective Order.

Although Plaintiff's Motion was made pursuant to Paragraph 8 of the Stipulated Protective Order, Plaintiff also contends that the log books may be disclosed because they were submitted to the Court as part of Defendant's Motion for Summary Judgment [Document #149]. However, this request is similar to a request considered and rejected by this Court in Longman v. Food Lion, Inc., 186 F.R.D. 331 (M.D.N.C. 1999). As in that case, Plaintiff here seeks to modify the terms of a Stipulated Protective Order to which Plaintiff agreed and on which Defendant relied. Based on the reasoning and analysis in the Longman case, the Court in the

3

present case concludes that Plaintiff has failed to show good cause for modifying the terms of the Protective Order to which he voluntarily agreed. Cf. Longman, 186 F.R.D. at 333-34; see also Pittston Co. v. United States, 368 F.3d 385, 406 (4th Cir. 2004) (upholding district court's refusal to "unseal documents that were sealed pursuant to a stipulated protective order" because the party seeking to unseal the documents "already had access to the documents" and had "itself agreed to the sealing of the documents in order to benefit from a more open discovery").

In addition, in the present case, the Court finds that the operating notebooks at issue contain confidential technical research information regarding Defendant's scientific experiments. The Court notes that the parties' briefs, the Court's Order and Opinion, and the non-proprietary exhibits have been entered in the record in this case, and only certain limited, confidential information has been filed under seal. In addition, with respect to the uses of the Mark III Laser to which the operating notebooks relate, the Court has concluded that there are issues for trial (see Order and Opinion dated January 31, 2006), and if the operating notebooks are presented as evidence at the trial in this case, the Court will consider at that time how they should be treated. At this time, however, the Court finds no basis to modify the Stipulated Protective Order or allow Plaintiff to disclose the confidential documents as requested pursuant to Paragraph 8 of the Stipulated Protective Order. Therefore, Plaintiff's Motion to Disclose Certain Documents [Document #180] is DENIED.

This, the 31st day of January, 2006.

United States District Judge

5